### HILL *v.* HOLYOKE ENVELOPE Co.

*(Circuit Court, D. Massachusetts. March 10, 1887.)*

PATENTS FOR INVENTIONS—PATENT No. 9,755—INFRINGEMENT.

Thirteenth and fourteenth claims of reissued letters patent No. 9,755, dated June 14, 1881, granted to Wade H. Hill, as assignee of Abram A. Rheutan, for improvements in machines for counting and packing envelopes, *held* not infringed upon the evidence, as it did not appear that the infringing machine had ever been used by the defendant.

In Equity.

*B. F. Thurston* and *Causten Browne,* for complainant.
*J. L. S. Roberts,* for defendant.

COLT, J.   This is a suit in equity for infringement of reissued letters patent No. 9,755, dated June 14, 1881, granted to the complainant as assignee of Abram A. Rheutan, the inventor, for improvements in machines for counting and packing envelopes. The original patent was granted May 19, 1874, to Rheutan, and afterwards assigned by him to the complainant.

The invention of Rheutan consists in this: that no count is made on his machine unless an envelope passes. Prior to the Rheutan invention there were machines for counting folded sheets of paper which counted no more sheets than actually passed through the machine. In these machines the paper, moving against fingers or cams, actuated the pawl and ratchet counting wheel. In the Rheutan machine the folded envelope, in its movement against the fingers or cams, does not directly actuate the pawl and ratchet counting wheel, but only lifts the pawl into such a position that it may be acted upon by a constantly moving part of the machine.

The defendants are charged with infringement of the thirteenth and fourteenth claims of the Rheutan reissue. It is not contended that these claims are different from those found in the original patent. These claims cover, in substance, the Rheutan invention. The defendants took no evidence. The plaintiff called as a witness James Ball, superintendent of the defendant company, and patentee of letters patent dated August 26, 1884, for improvements in envelope machines. In the Ball patent we find described a machine which counts with the passage of the envelope. Ball testifies that his first machine was built substantially in accordance with the specification in his patent, but that he had to make a good many alterations before the machine would run, and that he could not make the counter work. He subsequently built three other Ball machines, and a fifth was in process of construction when this suit was brought. Each of these four machines was so adjusted that they count at every revolution of the machine, and not with the passage of the envelope. Admitting that the Ball patent describes a machine where no count is made unless an envelope passes, and that the mechanism described for producing this result is substantially the same as that described in the thirteenth and fourteenth claims of the Rheutan reissue, still we find no sufficient proof that the defendants ever made or used a Ball machine embodying the invention of Rheutan, and therefore no infringement is proved. A Ball machine made after the Ball patent may infringe the Rheutan patent, but a Ball machine so constructed or adjusted as to leave out from its operation the Rheutan idea of counting by the assistance of the envelope is no infringement. The evidence of what Rheutan saw in defendants' factory a short time before suit was brought, as to the operation of a Ball machine, is far from satisfactory, in view of the fact that Mr. Renwick testifies that by looking at a Ball machine very carefully he does not think he could tell whether it was counting at each revolution or at each passage of an envelope. I am of opinion that the charge of infringement is not sustained by proof.

That the defendants may infringe by a different adjustment of their machine is not sufficient to entitle the plaintiff to an injunction, because the plaintiff has no good ground to apprehend that any such adjustment will be made, in view of the evidence going to show that a Ball machine so adjusted works imperfectly. Bill dismissed.