LUTEN v. RHOADS & KNISELY et al.

(Circuit Court, M. D. Pennsylvania. January 20, 1912.)

1. PATENTS (§§ 282, 325*)—SUITS FOR INFRINGEMENT—GROUNDS OF SUIT.

A patentee may maintain a suit in equity to enjoin infringement of his patent by a contractor for the building of a structure which, if built in accordance with the plans and specifications attached to the contract, will infringe, and is entitled to recover costs, although the plans are afterward so modified as to avoid infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 440, 443, 607–612; Dec. Dig. §§ 282, 325.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CONCRETE ARCH.

The Luten patent, No. 852,970, for improvements in concrete arches, claim 46, held valid and infringed.

In Equity. Suit by Daniel B. Luten against Rhoads & Knisely, George Rhoads, and John Knisely. On final hearing. Decree for complainant.

W. Clyde Jones and F. H. Drury, for complainant.
J. S. Black and David J. Davis, for defendants.

WITMER, District Judge. This is a suit by bill in equity brought to restrain infringement of United States letters patent No. 818,386, dated April 17, 1906, and No. 852,970, dated May 7, 1907, granted to and owned by the complainant, relating to certain new and useful improvements in concrete arch structures. The bill recites that in violation of the complainant's rights, secured to him by said letters patent, the defendants knowingly and willfully contracted and agreed in writing to erect two concrete arch structures for the county commissioners of Centre county, Pa., one over Spring creek and the other over Bush Hollow creek, said county, in accordance with plans and specifications, attached and made part of said agreement, embodying the patented inventions and improvements of the complainant, "showing that when said arch structures are erected the complainant fears they will be in accordance with and containing the improvements and inventions claimed and described in said letters patent Nos. 818,386 and 852,970, and recited in claims thereof." The complainant furthermore states that the defendants "have received and enjoyed large gains, profits, and advantages from the unlawful use of said inventions and improvements set forth in said letters patent, which might otherwise and would have been obtained by him," and for relief prays for an injunction and accounting. The defendants in their answer question the validity of the patents, denying infringement and the general allegations of the bill.

That the improvements which are the subject-matter of these Luten patents are of patentable novelty is not seriously controverted, and for the purpose of this case it is assumed that the patents covering the same are valid, in view of the presumption favoring such grants, which in this case has not been overcome by proof, nor has it been attempted. Although the bill fails to set forth the particular claim

in either of the patents said to be infringed, notwithstanding such may have embarrassed the defendants, it is now too late to complain. The complainant in his testimony confines the infringement to claims 1 and 7 in patent No. 818,386, and to claims 44, 45, and 46 in No. 852,970.

The former cover bars, in certain positions, imbedded in an arch, not visible after completion of the work, and read as follows:

1. An arch having imbedded therein a plurality of tension members passing alternately across the rib, said members being low at the crown and high at the haunches, and each of said members passing across the rib at different longitudinal points from the others, substantially as described.

7. An arch having imbedded therein rods, bars or other tension members in two or more series, following one face of the arch rib, thence across and, following the other face of the rib; the points of crossing for the different series being angularly or laterally displaced with respect to each other, substantially as described.

Reference to the "plan of bridge over Spring creek," which is said to be similar to the plan of bridge over Bush Hollow creek, comparing favorably with pencil sketches of same in evidence, discloses continuous reinforcing rods placed low at the crown and high at the haunches and passing alternately across the ribs, as shown at the points marked B in said pencil sketch. It readily appears that these continuous reinforcing rods comprise the plurality of tension members named in these claims, and that the structures shown in this plan and pencil sketches are clearly covered by the terms of these claims, as may be seen by comparison of them with the claims and the drawings of the patent.

The latter claims cover a footing provided with an upper surface upwardly stepped in a direction away from the span, as follows:

44. A bridge or arch of concrete or similar material having a footing upwardly inclined away from the span.

45. A bridge or arch of concrete or similar material having a footing provided with a roughened upper surface upwardly inclined away from the span.

46. A bridge or arch of concrete or similar material having a footing provided with an upper surface upwardly stepped in a direction away from the span.

An inspection of the plans and drawings of the proposed structures shows the footing upwardly stepped away from the span, as indicated at the point E, Complainant's Exhibit, Pencil Sketch of Spring Creek Bridge, which is in this particular a true copy of the official plan of bridge over said creek, and thus falling precisely within the terms of claim 46. It has, however, not been shown that claims 44 and 45 have been covered by the drawings or plans of the proposed bridges, and to consider or presume such to have been done is not our province.

It is true the complainant has testified that by reference to the pencil sketches, which were represented to him as being like the official blue prints attached to the agreements, in his opinion the prints or plans call for bridges infringing his patents. Notwithstanding all that has been said by him favoring such conclusion, we have before us the plan of bridge over Spring creek, which is said to be like the plan of bridge over Bush Hollow creek, and, on comparing the same

with the pencil sketches offered by the complainant, we find the latter four copies of the former showing with considerable accuracy the attempted infringement of claims 1 and 7 of patent No. 818,386 and claim 46 of patent No. 852,970.

[1] By contract in writing the defendants, at and before this suit was instituted, had agreed, and in fact were bound, to infringe certain claims of the complainant's patent, having undertaken to build and construct certain concrete arch structures in accordance with plans embodying the invention and improvements of his patents. To prevent an invasion of the rights alone enjoyed and secured to the complainant by grant of his patents, he very properly sought relief by injunction, which would, no doubt, have been granted, had he then persisted. The bridges having been completed, there is now no need of an injunction.

Notwithstanding the provisions of the defendants' contract, they now come and deny to an extent that the bridges which they had undertaken to build were afterwards so constructed as not to infringe the patent right of the complainant. It is true that viewers were appointed on completion, who inspected the same and pronounced them built in conformity to the respective contracts. Such inspections are usually, and in this case of necessity were, no doubt, very perfunctory, so that their report adds but very little weight to the presumption that the defendants did what they had undertaken, and in manner as stipulated.

[2] What was done by way of construction we have from the defendants without denial. Both defendants testified that the bars imbedded in the concrete of these structures were put in lengthwise of the arch, following the bow of the arch, and that they were not tied together or linked in any manner by iron or steel, that the bars are straight across the bow of the arch, and that there was no dip or deflection in it whatever. This testimony, being uncontradicted and unanswered, leaves no possible doubt concerning the actual noninfringement of claims 1 and 7. Though threatened when the suit was instituted, the bridge was constructed by direction and consent of the commissioners' engineer in charge so as to avoid infringement in this particular. They furthermore agree that in every other respect, excepting certain immaterial matters, the bridges were built in accordance with the plans and specifications on file. That the changes advised by the engineer, and followed, related only to the placing of metal reinforcements, leaves the infringement of claim 46 undenied. Resting on inference drawn from defendants' own testimony, and on the presumption that the plans adopted and made part of the contract were to this extent executed, leads us to conclude that this claim was infringed. As was said in North American Iron Works v. Fiske (C. C.) 30 Fed. 623:

"The infringement appears but slight, yet the extent of it is not now so important as the fact that there was some, and more to be apprehended at the commencement of the suit, to furnish grounds for it."

After suit was brought. the defendants in their answer questioned the validity of the patents, and resisted the claims of the complainant

all the way through, thereby compelling him to prosecute this suit to establish his right. There must, therefore, upon these considerations, be a decree establishing the validity of the patent and for damages, which are hereby fixed at $250, with costs.

Let a decree be entered accordingly.